IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MATTHEW J. HILL,                          )
                                          )
                    Plaintiff,            )
                                          )
vs.                                       )          Case No. 17-04041-CV-C-ODS
                                          )
NANCY A. BERRYHILL,                       )
Acting Commissioner of Social Security,   )
                                          )
                    Defendant.            )

ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION
DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

        Pending is Plaintiff's appeal of the Commissioner of Social Security's final
decision denying his applications for disability benefits and supplemental security
income.  As set forth below, the Commissioner's decision is reversed and remanded for
further proceedings.

        (1)     The ALJ concluded one of Plaintiff's severe impairments is "seizure
disorder."  R. at 12.  In February 2015, Plaintiff was monitored by video electro-
encephalogram ("VEEG").  R. at 881-88.  During the first day of monitoring, Plaintiff
experienced three events, "characterized by restlessness and various combination of
subjective feeling of shooting pain through various parts of the body, inability to focus,
odd smell, and sensitivity to light."  R. at 886.  The events lasted anywhere from ten
minutes to an hour.  *Id.*  During the second day, Plaintiff experienced five events with
the same characteristics as the events from the prior day.  R. at 887.  During the third
day, for which he was only monitored for five hours, no events were recorded.  *Id.*  Upon
discharge, Plaintiff was diagnosed with non-epileptic spells.  R. at 884.  The physician
opined the events captured by the VEEG were "nonepileptic, probably psychogenic."[1]
R. at 885.

---

[1] "Psychogenic" is defined as "of mental origin or causation."  Stedman's Medical
Dictionary (28th ed. 2000).

Other than a passing reference, neither the report nor the descriptions of the seizures therein were included in the ALJ's decision.  Additionally, the ALJ did not discuss the effect these seizures have on Plaintiff's ability to work.  Upon remand, the ALJ must discuss the VEEG report, and to the extent the ALJ discounts it, the ALJ should explain the basis for doing so.  The ALJ must also determine what effect and limitations the seizures and the nature of the seizures have on Plaintiff's ability to work.

(2)     Although not specifically stated, this matter seems to involve a conversion disorder.  A "conversion disorder is the "phenomenon in which a person actually and subjectively experiences symptoms without a known underlying medical cause." *Nowling v. Colvin*, 813 F.3d 1110, 1113-14 (8th Cir. 2016) (citation omitted).  "It is believed the symptoms [of a conversion disorder], such as **non-epileptic seizures**, result from an unconscious, involuntary conversion of mental stress into a physiological symptom."  *Id.* at 1114 (citations omitted) (emphasis added).

The Eighth Circuit noted it is difficult to assess how a conversion disorder limits a person's activities because "a prime feature of conversion disorder may be a disconnect between the actual severity of symptoms demonstrated by clinic evidence and the way the applicant subjectively perceives the symptoms."  *Id.* (citation omitted).  In cases involving conversion disorders, "an ALJ is not free to reject subjective experiences without an express finding that the claimant's testimony is not credible."  *Id.* (citation omitted).  If an ALJ finds a claimant suffers from a conversion disorder and is "at least partially non-credible, the ALJ should ideally set forth the credibility determination with sufficient detail to expressly inform the reviewing court as to the factual details of the petitioner's limitations as accepted or believed by the ALJ."  *Id.*

The ALJ determined Plaintiff suffered from a seizure disorder, which, based upon the VEEG record, appears to be a conversion disorder.  Upon remand, the ALJ must determine whether the seizure disorder is a conversion disorder.  If the ALJ determines the seizure disorder is a conversion disorder, the ALJ must assess the disorder's symptoms, the disorder's effect on Plaintiff's perception of his symptoms, and how the disorder limits Plaintiff's ability to work.  The ALJ should also determine whether Plaintiff has an impairment or combination of impairments that meet or medically equal the severity of a listed impairment in 20 C.F.R. § 404, Subpart P, Appendix 1.  While the

ALJ considered some of the listed impairments, the ALJ did not consider Listing 12.07, which pertains to "somatic symptom and related disorders."

(3)     Upon remand, the ALJ must obtain a consultative examination to determine the extent of Plaintiff's limitations related to his seizure disorder. "While a claimant for benefits has the burden of proving a disability, the Secretary has the duty to develop the record fully and fairly, even if…the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir. 1992); 20 C.F.R. § 416.919a(b). When the medical records do not provide sufficient information to make an informed decision, the ALJ may order a consultative examination. *Id.* (citing 20 C.F.R. § 416.917). "It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." *Id.* (citations omitted). Here, the record does not provide sufficient evidence to determine whether Plaintiff is disabled. Thus, the ALJ is ordered to obtain a consultative examination to determine the extent of Plaintiff's limitations with regard to his seizure disorder.

(4)     After consideration of the VEEG report, conducting additional analysis as required in a matter involving a conversion disorder, and receipt of the consultative examination, the ALJ must re-evaluate Plaintiff's credibility and reformulate the RFC.

IT IS SO ORDERED.


                                                        /s/ Ortrie D. Smith
DATE: August 17, 2018                                   ORTRIE D. SMITH, SENIOR JUDGE
                                                        UNITED STATES DISTRICT COURT